UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARYL HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER A. WRAY in his individual capacity and former (Five Billion Dollars) official capacity as 8th Director of the Federal Bureau of Investigation (served August 2, 2017, through January 19, 2025),<br>JARED KUSHNER,<br>IVANKA TRUMP,<br>PAM BONDI in her individual capacity and official capacity,<br>JEFFERSON B. SESSIONS, III,<br>FEDERAL BUREAU OF INVESTIGATION,<br>LAKE COUNTY JOINT TERRORISM TASK FORCE,<br>OREGON JOINT TERRORISM TASK FORCE,<br>MICAH BECKWITH Lieutenant Governor, in his individual and official capacity,<br>TODD ROKITA Attorney General, in his individual and official capacity,<br>VALERIE C. MCCRAW in her individual and official capacity,<br>GREGORY T. YEAGLEY in his individual and official capacity,<br>REUBEN J. SHELDON in his individual and official capacity,<br>MATTHEW HAMBURG in his individual and official capacity,<br>JOHN AND JANE DOES 1-50,<br><br>Defendants. | No. 1:26-cv-01342-JRO-MG |

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND PROVIDING OPPORTUNITY TO AMEND

This matter is before the Court on Plaintiff Darryl Harris's Motion for Leave to Proceed *In Forma Pauperis*. Dkt. [2]. Plaintiff, who is proceeding *pro se*, initiated this action against Donald Trump, Todd Blanche, Kash Patel, Christopher Wray, Jared Kushner, Ivanka Trump, Pam Bondi, Peter Visclosky, Karen Freeman-Wilson, Virly Harris Suggs, Natalie Ammons, the Democratic National Committee, the Republican National Committee, the Federal Bureau of investigation, the United States Department of Justice, the Indiana State police, Todd Rokita, the Lake County Joint Terrorism Task Force, the Oregon Joint Terrorism Task Force, and John/Jane Does 1-50 (collectively the "defendants"), alleging violations of his First, Fourth and Fourteenth amendment rights. Dkt. 16. Because the Court **GRANTS** the motion to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons below, the Court **DISMISSES without prejudice** Plaintiff's operative pleading and provides him with an opportunity to amend his pleading **by September 11, 2026**.

### I. *IN FORMA PAUPERIS* STATUS

The Court may authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Plaintiff's motion, dkt. 2; *see also* dkt. 10, meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a)

does for any litigant is excuse the *pre*-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II. SCREENING STANDARD

When a plaintiff is granted *in forma pauperis* status, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 is an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). To survive dismissal, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at

555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

*Pro se* complaints, such as Plaintiff's, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Nevertheless, any plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

## III. MOTION TO AMEND THE COMPLAINT

Harris filed his complaint on June 22, 2026. Dkt. 1. He filed an amended complaint on July 8, 2026. Dkt. 8. Shortly thereafter, he filed a "motion to withdraw erroneously filed first amended complaint" and asked leave to file a corrected first amended complaint, dkt. 12, citing to various clerical errors. The Court construes Harris's motion as a motion for leave to file a second amended complaint. Harris proceeded to file his proposed amended complaint on August 2, 2026. Dkt. 16. Harris's motion, dkt. [12], is **GRANTED**, and the Court will screen the August 2, 2026 complaint, dkt. 16, which is effectively the second amended complaint.

## IV. THE COMPLAINT

The Court accepts Plaintiff's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to

accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)).

Harris has amended his complaint but incorporated his original complaint by reference. Dkt. 16 at 4. *See* Fed. R. Civ. P. 10(b).

Harris was an active community organizer in Lake County, Indiana, who began vocally criticizing political corruption in the local Democratic and Republican parties. Dkt. 1 at 5–6. In 2016, Harris publicly dissented from the Democratic party establishment by refusing to support Hillary Clinton and throwing his support behind Bernie Sanders and Jill Stein. *Id.* at 6. Due to this political disagreement, local political figures Visclosky, Freeman-Wilson, Suggs, and Ammons initiated a campaign of defamation and harassment against Harris. *Id.* From 2017 to 2018 this local campaign went federal. The local political figures told federal officials about Harris, prompting the Lake County Joint Terrorism Task Force, under the supervisions of then Federal Bureau of Investigation ("FBI") director Christopher Wray to open a file on Harris. *Id.* This FBI file labeled Harris as a "national security threat," and gave a pretext for surveilling Harris and authorizing third parties to illegally gather data on him. *Id.* at 6–7. This conspiracy was national in scope and the harassment continued when Harris moved to Oregon. *Id.* at 7. This targeting caused Harris to be subject to constant warrantless surveillance. *Id.* at 8. Harris was also systemically deprived of housing opportunities when housing providers acted with government officials to deny him services or create hostile living environments. *Id.*

Harris now brings six causes of action: (1) violation of his First Amendment rights through retaliation against his protected political speech; (2) violation of his Fourth Amendment rights through warrantless surveillance; (3) violation of his Fourteenth Amendment rights by depriving him of procedural and substantive due process and denying him equal protection of the law based on his race, ethnicity, and political affiliation, and status as a self-identified, misclassified American Indian; (4) conspiracy to violate civil rights 18 U.S.C. § 242; (5) failure to correct widespread unconstitutional surveillance and political targeting under 42 U.S.C. § 1983 against Municipal and State Entities; and (6) conspiracy against civil rights under 42 U.S.C. § 1985. Dkt. 16 at 5–6. Harris's asks the Court for declaratory relief, compensatory and punitive damages, and injunctive relief ordering the defendants to cease all surveillance, targeting, and harassment of Harris, and for expungement of all records created in connection with the unlawful targeting. *Id.* at 6.

**V. DISCUSSION**

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Harris has identified the theory he uses to assert federal question jurisdiction, namely via the constitutional and statutory claims described above. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)).

Harris's complaint raises questions of venue and personal jurisdiction. These jurisdictional issues are sufficient to warrant dismissal. Further, the court has reservations as to the amended complaint's ability to put the defendants on notice as to the specific acts that harmed Harris. Harris's complaint at present fails to identify the specific acts of surveillance or harassment that caused him distress and is dismissed on that basis as well.

**A. Venue**

Harris asserts that venue is proper in the Southern District of Indiana because a substantial part of the events or omissions giving rise to his claims occurred in this district and several defendants reside in the state. Dkt. 1 at 4. Pursuant to 28 U.S.C. § 1406(a), when "a case laying venue in the wrong division or district" is filed, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Harris's venue assertions mix two different sections of 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(b)(1) venues is proper in a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located. Since, at the very least the Oregon Joint Terrorism Task Force does not reside in the state of Indiana, all the defendants do not reside in the state of Indiana where this court is located. Thus, 28 U.S.C. § 1391(b)(1) is inapplicable in this case.

On the other hand, 28 U.S.C. § 1391(b)(2) provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred. None of the locations mentioned in the factual allegations of Harris's complaint are in the Southern District of Indiana. Harris references Gary, Indiana; Hammond, Indiana; Lake County, Indiana; and Oregon; none of which are in the Southern District of Indiana. Dkt. 1 at 6–7. However, Harris identifies himself as residing in Indianapolis, Indiana at all times relevant to his Indiana-based claims. Dkt. 16 at 2. Due to the lack of clarity in the complaint as to what the harmful actions were and where they took place or where their effects were felt it is unclear whether the Southern District of Indiana would be a proper venue.

Therefore, Harris's complaint appears to lack proper venue and should be **dismissed**. *Williams v. Equifax Info. Servs. LLC*, No. 2:25-CV-528-TLS-AZ, 2025 WL 3713713, at *3 (N.D. Ind. Dec. 22, 2025).

**B. Personal Jurisdiction**

A plaintiff must make out a *prima facie* case of personal jurisdiction as to all defendants. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Harris's complaint has not made any assertion as to personal jurisdiction over any defendants. The lack of a *prima facie* statement as to the court's personal jurisdiction over the defendants is particularly glaring since a number of the individual capacity defendants have no apparent contacts with Indiana, namely Donald Trump, Todd Blanche, Kash Patel, Christopher Wray, Jared Kushner, Ivanka Trump, Pam Bondi, the Oregon Joint Terrorism Task Force, and John/Jane Does 1–50. Since a plaintiff must make a *prima facie* showing of

personal jurisdiction and Harris's complaint lacks that, his complaint must be **dismissed**.

### C. Causation

Even if the court has jurisdiction and venue is proper, a complaint must still give a defendant "fair notice of what . . . the claim is and the grounds upon which it rests;" it is not enough for a plaintiff to say that he has been illegally harmed. *Twombly*, 550 U.S. at 555. Rather, he must set forth a "short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2). To state a plausible claim a plaintiff must plead sufficient " factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678. *Pro se* complaints, such as that filed by Harris, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett*, 658 F.3d at 751. Yet Harris still "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Harris generally alleges that all the defendants were in some way involved in a conspiracy to surveil and harass him but does not clearly articulate the specific actions of the defendant's that will cause them liability. But Harris never details any particular instances where he was surveilled or harassed. The factual allegations in Harris's present complaint are too meager to put the defendants

on notice of what actions they took that Harris now complains about. Harris fails to plausibly allege who surveilled him, how such surveillance was conducted, and how this surveillance caused him distress. While Harris lays out several Constitutional and statutory provisions that were allegedly violated, he never details a particular action by any defendant that amounted to one of these violations. Since the complaint lacks a clear statement as to the nature of the actions that caused his injuries, all of his claims are **dismissed** for failure to state a claim for lack of causation.

**D. Rule 11 Warning**

As discussed further in the conclusion below, Harris will have an opportunity to amend his complaint. If he chooses to do so, the Court emphasizes Harris's obligation under Federal Rule of Civil Procedure 11(b) to certify that the amended complaint's legal contentions are warranted by existing law. In Harris's motion for extension of time to effect service of process, he cites *Walsh v. Kreiger*, No. 19-cv-1764, 2020 WL 6325983, at 2 (E.D. Wis. Oct. 28, 2020) (citing *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006)), for the proposition that "good cause" not the stricter "excusable neglect" standard is the appropriate test for Fed. R. Civ. P. 4(m) extensions. Dkt. 15 at 3. While the Court has found *McLaughlin* and *Walsh* to be real cases, the *Walsh* citation is wholly incorrect. The docket number listed following Harris's *Walsh* cite is linked to a different case in the Eastern District of Wisconsin, and the Westlaw citation leads to nowhere. While *Walsh v. Kreiger* appears to be a real case and

there is an October 28, 2020, order referencing *Mclaughlin*, the incorrect cite gives the Court pause.

The Court is not convinced the specific legal contentions contained in the motion for extension of time to effect service of process comply with Rule 11(b)'s requirement. Under Rule 11(c), the Court could order Harris to show cause as to why his citations to the above material do not violate Rule 11(b). A party found to have violated Rule 11(b) can be sanctioned. Fed. R. Civ. P. 11(c)(1). Such a sanction may include an order to pay a penalty into the court, Fed. R. Civ. P. 11(c)(3), or even involuntary dismissal of this action with prejudice, Fed. R. Civ. P. 41(b). Because the Court dismisses Harris's complaint in its entirety, it will not order him to show cause at this time. However, Harris is accordingly warned of the possibility of sanctions if any future filings violate Rule 11(b).

Further, the Court notes that it entered a supplemental notice to pro se litigants regarding the use of artificial intelligence on June 24, 2026. Dkt. 7. This notice and the Practices and Procedures of this Court require all litigants to tell the Court if they used artificial intelligence ("AI") to help write their complaint, a motion, or any other documents they file into the case. This supplemental notice was entered more than a month before Harris filed his motion for extension of time to effect service of process on August 2, 2026. Dkt. 15. The Court is concerned by the fact that contemporaneous with his motion for an extension of time Harris did file a certification of artificial intelligence use stating that "despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority and any

characterization or summary thereof pursuant to Rule 11 of the Federal Rules of Civil Procedure." Dkt. 14 at 1. Despite this assurance, the Court still found an incorrect citation. Harris is accordingly warned of the possibility of sanctions if any future filings violate Rule 11(b).

Filing a document that does not follow this AI policy, including a document citing fake cases or mischaracterizing statutes, may result in appropriate sanctions up to and including dismissal of the case or a default judgment against the offending party.

## VI. CONCLUSION

For these reasons, Harris's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED.** Dkt. [2]. His amended complaint, dkt. 16, however, must be **DISMISSED without prejudice** for improper venue, lack of personal jurisdiction, and causation.[1]

In light of this order, the plaintiff's motion to withdraw his erroneously filed first amended complaint and for leave to file a corrected first amended complaint, dkt. [12], is **GRANTED** and the Court has screened the amended complaint at dkt. 16. Plaintiff's motion for extension of time to effect service of process, dkt. [15], is **DENIED as moot** in light of the Court's order granting *in forma pauperis* status and this screening order. If Harris files an amended

[1] Due to these deficiencies, the Court does not address the issue of sovereign immunity in this Order, but should Harris amend his complaint it looms large against state and federal defendants sued in their official capacities.

complaint, and any claims survive the screening process, the Court will direct service of process at the appropriate time.

The Court also **GRANTS** Plaintiff's motion to correct a clerical error in the caption. Dkt. [9]; Dkt. [11]. The Court therefore **directs the clerk** to correct the case caption and all court records to reflect the plaintiff's legal name is DARRYL HARRIS. *Id.*

The dismissal of the amended complaint will not lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint again if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made and with proper venue in the Southern District of Indiana. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a *pro se* litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through September 11, 2026, to file an amended complaint.**

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendants with fair notice of the claim and its basis; (b) include a

demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from using the Court's complaint form. The **clerk is directed** to include a copy of the *pro se* non-prisoner complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring *pro se* plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, No. 1:26-cv-01342-JRO-MG, and the words "Second Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 8/14/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DARYL HARRIS
6554 Florida Blvd.
110 #1070
Baton Rouge, LA 70806